UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EON SHEPHERD,

                Plaintiff,                9:15-cv-665
                                                        (GLS/CFH)

        v.

SUPERINTENDENT SMITH et al.,

                Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Eon Shepherd
Pro Se
96-A-0356
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

**FOR THE DEFENDANTS:**
HON. BARBARA D. UNDERWOOD    DENISE P. BUCKLEY
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Senior District Judge**

## SUMMARY ORDER

    On June 13, 2018, Magistrate Judge Christian F. Hummel filed a

Report-Recommendation and Order (R&R), which recommends that

defendants' motion for summary judgment, (Dkt. No. 107), be granted in part and denied in part. (Dkt. No. 115.) Pending before the court is plaintiff *pro se* Eon Shepherd's objection to the R&R. (Dkt. No. 118.)

The overall substance of Shepherd's objection is a rehashing of arguments raised in the papers already considered by Judge Hummel. (*See, e.g.*, Dkt. No. 118 at 1-2, 4, 6-7, 8, 10-15, 17-19.) In other sections, Shepherd raises arguments for the first time. (*Compare id.* at 3-4, 7, *with* Dkt. No. 113, Attach. 1 at 12-14; Attach. 7 at 80-81.) Objections of this variety are general and warrant review for clear error only. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006). The court has reviewed the R&R as it relates to these objections and finds it free from clear error.[1]

One of Shepherd's objections relates to Judge Hummel's *sua sponte* dismissal of his free exercise claims against defendants S. Alagrin, Eric Hoffman, and Blyth based on the finding that "it is unclear as to how [his] dreadlock hair style relates to his Rastafarian religious beliefs." (Dkt. No.

---

[1] Although Shepherd arguably satisfied the more flexible exhaustion requirements outlined in DOCCS Directive 4040, (*see* http://www.doccs.ny.gov/Directives/4040.pdf (last visited Sept. 27, 2018), for his Eighth Amendment sexual assault claim against Hoffman, Judge Hummel's alternative finding that "Hoffman's alleged contact with [Shepherd]'s genitalia was incidental to a routine pat frisk," (Dkt. No. 115 at 66) (citing *Crawford v. Cuomo*, 796 F.3d 252, 257-58 (2d Cir. 2015)), provides an independent basis for dismissal that is not clearly erroneous.

2

115 at 41; Dkt. No. 118 at 6.)  The court exercises its inherent discretion to review the issue *de novo*.  *See Almonte*, 2006 WL 149049 at *5.

Although defendants did not raise this argument in their motion papers, (Dkt. No. 107, Attach. 2 at 3-5), Judge Hummel found that there was a lack of record evidence demonstrating the significance of dread locks to his religious beliefs.  (Dkt. No. 115 at 41.)  In his objection, Shepherd does little more than assert that, "if the court feels that [he] has not made it clear as to the significance of his dreadlocks, he should be allowed to amend his complaint to correct this deficiency."  (Dkt. No. 118 at 6.)  Clearly, Shepherd's time to amend his complaint has passed.[2]

However, there is enough evidence in the record to make the court reconsider dismissal at this stage.  For instance, Shepherd alleged in his verified amended complaint that defendants ripped out his dreadlocks, which he referred to as his "holy temple."  (Am. Compl. at 24.)  Additionally, throughout his verified amended complaint, he stated that defendants Hoffman, Blythe, and Alagrin were aware that it was a violation of his Rastafarian religious beliefs to have his hair touched and pulled out.  (*Id.*

---

[2] In multiple sections of Shepherd's objections, he requests leave to file a second amended complaint in an attempt to correct certain deficiencies identified by Judge Hummel.  (*See, e.g.*, Dkt. No. 118 at 6, 7, 9.)  At this late stage, all of these requests are denied.

3

¶¶ 18, 25, 33.) The court treats his verified complaint as an affidavit for summary judgment purposes. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). Shepherd also filed a declaration that reiterated that the ripping/tearing of his dread locks was a violation of his religious beliefs. (Dkt. No. 113, Attach. 6 ¶¶ 27, 29.) Further, at his deposition, when asked "Are you saying that they violated your holy temple by searching your hair?," Shepherd answered, "And ripping it out." (Dkt. No. 107, Attach. 5 at 51.) Additionally, he testified that "As a Rastafarian, . . . my hair . . . can't be loose," (*id.* at 54), and that he told Hoffman that he could not search his hair because of his religion, (*id.* at 55). Moreover, he attached a letter to his opposition papers, addressed to the DOCCS Commissioner, wherein he explained that he had recently succeeded in an appeal to the Second Circuit and that the Circuit's decision, which he cited, "set the standards for [R]astafarian prisoner's hair being touched as a violation of a ten[et] of their religious beliefs." (Dkt. No. 113, Attach. 7 at 42.) To be sure, the Second Circuit decision he referenced held that "[a] fundamental tenet of the [Rastafarian] religion is that a Rastafarian's hair is not to be . . . cut." *Benjamin v. Coughlin*, 905 F.2d 571, 576 (2d Cir. 1990). And subsequently, the Second Circuit found that this fundamental Rastafarian

4

tenet arguably extends to "corrections officers pulling out dreadlocks." *Shepherd v. Sanchez*, 27 F. App'x 31, 33 (2d Cir. 2001).

The court is aware that—even when viewed in the light most favorable to Shepherd—the above evidence is thin. However, in light of the Second Circuit's warning that this court be extra cautious before dismissing a *pro se* plaintiff's claim *sua sponte*, the court is hesitant to dismiss Shepherd's free exercise claims. *See Proctor v. LeClaire*, 715 F.3d 402, 416-17 (2d Cir. 2013) (vacating district court judgment and remanding for further proceedings where a *pro se* plaintiff was not given a "full and fair opportunity to litigate" an issue). Accordingly, in an abundance of caution, the court does not adopt this well-reasoned recommendation. If defendants wish to move for summary judgment on these claims, they may do so within thirty (30) days of the date of this Summary Order. Otherwise, the claims will proceed to trial with the other surviving claims.

Assuming that the remainder of Shepherd's objections are subject to *de novo* review, *see Almonte*, 2006 WL 149049 at *6-7, they are rejected for precisely the reasons articulated in the R&R.

Accordingly, it is hereby

5

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 115) is **ADOPTED IN PART and REJECTED IN PART** as follows:

**REJECTED** with respect to Shepherd's free exercise claims; and

**ADOPTED** in all other respects; and it is further

**ORDERED** that defendant's motion for summary judgment (Dkt. No. 107) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** insofar as it seeks dismissal (1) for failure to exhaust, plaintiff's: (a) First Amendment free exercise claims involving a lack of religious services and cold alternative diet against C.O. Hoffman; (b) First Amendment access to the courts claims against Supt. Smith, DSP Andrews, C.O. Heister, and C.O. Marasco; (c) First Amendment retaliation claims against Lt. Palen, Sgt. Keane (as to the October 7, 2013 incident), Sgt. Lelleck, Sgt. Deacon, C.O. Marasco, C.O. Hoffman, C.O. Phillips; (d) Eighth Amendment deliberate indifference claims against Supt. Smith and C.O. Heister; and (e) Fourteenth Amendment due process claims against Lt. Palen; (2) of plaintiff's First Amendment access to the courts

claims against C.O. Pearson, Sgt. Keane, and C.O. Alagrin; (3) of plaintiff's First Amendment retaliation claims against C.O. Alagrin, C.O. Lange, C.O. Blyth, C.O. Phillips, C.O. Hoffman, C.O. Pearson, C.O. Morgenthaler, C.O. Heister, Sgt. Keane, Sgt. Lelleck, Sgt. Deacon, Lt. Gardner, Lt. Palen, and Dr. Lee; (4) of plaintiff's Eighth Amendment conditions of confinement claim against C.O. Lange; (5) of plaintiff's Eighth Amendment excessive force claims against C.O. Strang, C.O. Alagrin, C.O. Zibler, and C.O. Hoffman; (6) of plaintiff's Eighth Amendment sexual assault claim against C.O. Hoffman; (7) of plaintiff's Eighth Amendment failure to intervene claim against C.O. Phillips; (8) of plaintiff's Eighth Amendment deliberate indifference claim against Dr. Lee, C.O. Morgenthaler, and C.O. Zibler; (9) of plaintiff's Fourteenth Amendment due process claim against Lt. Gardner and Lt. Palen; (10) of plaintiff's Fourteenth Amendment equal protection claim against Supt. Smith and DSP Andrews; and (11) of plaintiff's supervisory liability claims relating to pat frisks and procedures, access the law library and/or courts, and failure to provide

adequate medical care against Supt. Smith; and

**DENIED** insofar as it seeks dismissal of plaintiff's: (1) First Amendment free exercise claims against Supt. Smith, DSP Andrews, and Mr. Rapp; (2) First Amendment retaliation claims against C.O. Strang and C.O. Zibler; and (3) Eighth Amendment sexual assault claims against C.O. Strang and C.O. Zibler; and it is further

**ORDERED** that defendants may move for summary judgment as to Shepherd's free exercise claims involving his hair within thirty (30) days, but if defendants do not so move, a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

September 28, 2018  
Albany, New York

*Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge