UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EON SHEPHERD,

                           Plaintiff,                  9:15-cv-00665 (BKS/CFH)

v.

SUPERINTENDENT SMITH, DSP ANDREWS,
CORRECTIONAL OFFICERS ALGARIN,
STRANG, BLYTH, HOFFMAN, ZIBLER, and
FOOD ADMINISTRATOR RAPP,

                           Defendants.
_____

**Appearances:**

*For Plaintiff:*
Melissa K. Swartz
Green & Brenneck
300 South State St., 9th Floor
Syracuse, NY 13202

*For Defendants:*
Letitia James
Attorney General of the State of New York
Denise P. Buckley
Assistant Attorney General
Kyle W. Sturgess
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

      Plaintiff Eon Shepherd brings this action under 42 U.S.C. § 1983 against Defendants

Superintendent ("Supt.") Joseph Smith, Deputy Superintendent of Programs ("DSP") Neville

Andrews, Corrections Officer ("CO") Joseph Algarin, CO Jason Strang, CO James Blyth, CO

Eric Hoffman, CO Kenneth Zibler, and Food Administrator John Rapp (collectively "Defendants"). (Dkt. No. 86). Plaintiff alleges that Defendants violated his First and Eighth Amendment rights while he was an inmate at Shawangunk Correctional Facility in Malone, New York. Plaintiff brings: (1) First Amendment Free Exercise claims against Supt. Smith, DSP Andrews, Rapp, and COs Algarin, Hoffman, and Blyth (2) First Amendment relation claims against COs Strang and Zibler, and (3) Eighth Amendment sexual assault claims against COs Strang and Zibler.

Presently before the Court are the parties' motions in limine. (Dkt. Nos. 141, 146). Plaintiff moves to preclude Defendants from introducing (1) Plaintiff's criminal history and the criminal histories of his inmate-witnesses, (2) Plaintiff's prison disciplinary record other than the retaliatory grievances relevant to this case, (3) "any lawsuits or litigation commenced by or against the plaintiff," and (4) correspondence about settlement discussions. (Dkt. No. 141-1, at 1). Plaintiff also requests that "he be attired in appropriate civilian clothes and without restraints while in the presence of the jury." (*Id*. at 8). Defendants request that they be permitted to (1) "inquire on cross-examination as to the essential facts of Plaintiff's criminal conviction," (2) "present evidence, and/or inquire on cross-examination, about the essential facts of several of Plaintiff's previous lawsuits alleging substantially similar claims," and (3) cross-examine Plaintiff regarding five disciplinary convictions, two for smuggling and three for providing false information. (Dkt. No. 146, at 2; Dkt. No. 167).[1]

---

[1] At the final pretrial conference, Defendants indicated they would not seek to admit any correspondence about settlement discussions. As such, the Court denies as moot Plaintiff's motion to preclude correspondence about settlement discussions. In addition, the Court granted Plaintiff's request to wear civilian clothes at trial, and stated that it would rule on the issue of restraints on the morning of trial after consulting with the corrections officers who bring Plaintiff to trial.

## II. DISCUSSION

### A. Criminal Convictions

#### 1. Plaintiff's Convictions

Plaintiff seeks to preclude Defendants from introducing at trial evidence of his criminal convictions. (Dkt. No. 141-1, at 2–5). Defendants oppose Plaintiff's motion and seek to inquire into the essential facts of the Plaintiff's 1996 convictions on cross-examination. (Dkt. No. 146, at 3–6). In 1996, Plaintiff was convicted of Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of Stolen Property. Plaintiff received a sentence of 42 years to life; he remains imprisoned for these convictions.

Rule 609 provides that, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A).[2] Under Rule 609(a)(1), "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required . . . subject to balancing under Rule 403." *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005). Thus, the Court must balance the probative value of introducing evidence of Plaintiff's convictions against its prejudicial effect.

Plaintiff's credibility is a central issue in this case because the resolution of Plaintiff's claims will largely turn on whether the jury credits Plaintiff's or Defendants' versions of the alleged events. *Crenshaw v. Herbert*, 409 F. App'x 428, 432 (2d Cir. 2011) (upholding the

---

[2] The time limitation in Rule 609(b) does not prohibit the use of the convictions, even though they are more than ten years old, as Plaintiff remainsin custody for the convictions. *See* Fed. R. Evid. 609(b) (limiting the use of a conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later"). Rule 609(a)(2) does not provide a basis for admissibility because the elements of Plaintiff's offenses did not require proving "a dishonest act or false statement."

3

district court's decision to admit a prior robbery conviction in a § 1983 First Amendment retaliation and excessive force case because "[e]vidence of [Plaintiff's] prior robbery was probative of veracity . . . a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident"). Plaintiff's convictions, robbery and possession of stolen property, are so dissimilar from the conduct at issue here that there is little potential for unfair prejudice. *Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is."). Moreover, the jury already will know that Plaintiff was convicted of a crime, by the very nature of his claims against correction officers. *See Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *3–4, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. Mar. 12, 2014). While the age of the convictions diminishes their probative value, given the central issue of credibility, the Court finds that the probative value of Plaintiff's felony convictions is not substantially outweighed by unfair prejudice. Consequently, the essential facts of Plaintiff's felony convictions are admissible for impeachment.

        **2.    Witnesses' Convictions**

Defendants seek to introduce the criminal convictions of Plaintiff's witnesses, including (1) Shaun Bolton's 2006 conviction for Burglary Second Degree and (2) John Roberts' 2005 conviction for Murder First Degree. (Dkt No. 162, at 1).[3] The witnesses are still incarcerated for these convictions. Plaintiff opposes their admission because "the criminal histories of witnesses

---

[3] Additionally, Defendants sought to introduce witness David Mitchell's prior convictions. (*Id.*) However, Plaintiff has indicated that he will no longer be calling this witness. (Dkt. No. 173).

are not relevant to the incidents underlying this lawsuit and are improper under FRE 609 because they decisively fail the balancing test of FRE 403." (Dkt. No. 141-1, at 5).

As felony convictions, they are admissible under Rule 609(a)(1)(A) and inquiry into their essential facts is presumptively required. *See Estrada*, 430 F.3d at 616. However, the Court must balance the probative value of introducing evidence of the conviction against its prejudicial effect. Though "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," not all felonies are "equally probative of credibility." *Id*. at 617–18. Crimes of stealth, like burglary, "do reflect lack of credibility and should be admitted unless significantly prejudicial." *Id*. at 618–19 (quoting *United States v. Lipscomb*, 702 F.2d 1049, 1057 (D.C. Cir. 1983)). "Convictions for murder, assault, and weapons possession," on the other hand, "are generally not particularly probative as to honesty or veracity." *Espinosa*, 2014 WL 988832, at *4, 2014 U.S. Dist. LEXIS 31741, at *16 (citing *Estrada*, 430 F.3d at 617–18). Moreover, the conviction for murder carries a risk of unfair prejudice.

While the age of these convictions diminishes the probative value, the credibility of these witnesses will be a central issue as they are eye witnesses and expected to present an account that is different from Defendants' version of the events at issue. Roberts and Bolton are expected to testify that they saw Defendants Algarin and Blyth rip Plaintiff's dreadlocks during a pat frisk; the Defendants deny having done so. (Dkt. Nos. 151-1, 142, at 10). *See Espinosa*, 2014 WL 988832, at *4, 2014 U.S. Dist. LEXIS 31741, at *16 (admitting a witness' convictions because, inter alia, credibility was "a central issue in th[e] case"). Since they will be testifying to events they observed while incarcerated, the jury already will know that they were convicted of crimes and the danger of additional unfair prejudice from the evidence of felony convictions is minimal. *Id.*

5

On balance, the Court finds that the probative value of the convictions is not substantially outweighed by the danger of unfair prejudice. Accordingly, Defendants will be allowed to inquire into the essential facts of these witnesses' convictions.

### B. Plaintiff's Prior Lawsuits

Plaintiff requests that "all evidence of [Plaintiff's] prior, unrelated litigation, be inadmissible" at trial because "the only articulable purpose for admitting such evidence is to show the plaintiff's propensity for litigation," in violation of Rule 404(b)(1), and "would only serve to confuse the issues, mislead the jury, and unfairly prejudice the plaintiff," under Rule 403. (Dkt. No. 141-1, at 6–7). Defendants argue these lawsuits should be admissible because they are "highly relevant and probative with respect to Plaintiff's claimed damages, as well as the potential existence of such a plan or motive, insofar as the Plaintiff has repeatedly made substantively identical assertions against many non-Defendants." (Dkt. No. 146, at 7).

Specifically, Defendants cite three recent cases filed by Plaintiff, "originating at different facilities, and brought against different defendants," that contain "virtually identical" allegations. (Dkt. No. 146, at 8–9). These cases are: (1) Shepherd v. Fischer, Civ. No. 10-cv-01524 (N.D.N.Y.) ("*Shepherd I*"), (2) Shepherd v. Annucci et al., Civ. No. 15-cv-6654 (W.D.N.Y.) (*Shepherd II*)[4], and (3) Shepherd v. Annucci et al., Civ. No. 18-cv-6073 (W.D.N.Y.) (*Shepherd III*).[5] In all three of these cases, as in the current case, Plaintiff alleged sexual abuse from correctional officers during the course of pat-frisks. Plaintiff used very similar language to describe the incidents. For example, in this case, Shepherd alleged that CO Strang "was pat-

---

[4] The case identified by Defendants as "15-cv-4444 (S.D.N.Y.)," (Dkt. No. 146, at 8), was originally filed in the Southern District of New York and then transferred to the Western District of New York. Shepherd v. Annucci, 15-cv-4444, ECF No. 8 (S.D.N.Y. Dec. 28, 2015) (Transfer Order).

[5] The case identified by Defendants as "17-cv-9653 (N.D.N.Y.)," (Dkt. No. 146, at 8), was originally filed in the Southern District of New York and then transferred to the Western District of New York. Shepherd v. Annucci et al., 17-cv-9653, ECF No. 2 (S.D.N.Y. Jan. 12, 2018) (Order).

6

frisking me in a rough aggressive manner when he grabbed my penis, and testicles, squeezing them so hard it caused me to cry out." (Dkt. No. 86, ¶ 9). In the three cases noted by Defendants, Shepherd alleged similar sexual assault claims during the course of pat-frisks against at least eight COs at three different facilities. For example, Shepherd alleged that in 2010 a CO "grabbed my testicles and penis in a rough manner squeezing them to the point where I cried out,"[6] in 2013 a CO "forcefully grabb[ed] my penis and testicles squeezing real hard causing me to cry out in pain,"[7] and in 2015 a CO "proceeded to grab my testicles in a rough aggressive manner, squeezing my genitals cause me a lot of pain."[8]

Plaintiff relies on two rules of evidence to exclude his other lawsuits: Rule 404(b) and Rule 403. Rule 404(b)(1) prohibits the admission of evidence of "a crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Litigiousness is the sort of character trait with which Rule 404(b) is concerned" because "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent."

---

[6] *Shepherd I*, ECF No. 45, ¶ 15 (S.D.N.Y. Aug. 17, 2011) (Amended Complaint).

[7] *Shepherd II*, ECF No. 2, ¶ 17 (W.D.N.Y. June 1, 2015) (Complaint).

[8] *Shepherd III*, ECF No. 1, ¶ 27 (W.D.N.Y. Dec. 8, 2017) (Complaint).

*Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (citing McCormick on Evidence § 196 at 578–81 (3d ed. 1984)); *see Harvey v. Farber*, 9:09-cv-152, 2013 WL 773683, at *3, 2013 U.S. Dist. LEXIS 27373, at *7 (N.D.N.Y. Feb. 28, 2013) (noting that under Rule 404(b), "it is generally improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that plaintiff is a 'chronic litigant.'" (quoting *Outley*, 837 F.2d at 591–93)). Evidence of prior lawsuits "undoubtedly cause the jury to question the validity of [a plaintiff's] current claims," which is of particular concern in cases where "credibility [is] of particular importance." *Outley*, 837 F.2d at 593.

Defendants argue that they are not seeking to introduce Plaintiff's other lawsuits to show he is a chronic litigant but rather for the purpose of showing Plaintiff has engaged in an "apparent scheme of alleged[ing] substantively identical sexual assaults (as well as hair-pulling and ripping)[9] in connection with pat-frisks." (Dkt. No. 146, at 9). Evidence of other acts may be admissible as a pattern under Fed. R. Evid. 404(b) when the acts "share 'unusual characteristics' with the conduct at issue so as to 'represent a unique scheme.'" *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011) (quoting *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991)). A jury might infer from multiple previous "occasions on which [a plaintiff] made strikingly similar claims, that his testimony in support of a [subsequent] such suit was not credible." *Tomaino v. O'Brien*, 315 F. App'x 359, 361 (2d Cir. 2009). Here, the Court agrees that Plaintiff's strikingly similar sexual assault allegations in three other lawsuits is probative as to whether he has a scheme, and as to his credibility, not just his propensity for litigation. However, the Court must weigh the probative nature of the other lawsuits against the danger for prejudice.

---

[9] Defendants did not provide specific examples of Plaintiff's "hair-pulling and ripping" allegations from other lawsuits.

On one hand, "in the absence of proof that prior lawsuits were fraudulently filed, courts often prohibit their introduction in cases alleging similar violations due to the 'very acute' risk of 'unfair prejudice.'" *Altman v. New Rochelle Pub. Sch. Dist.*, No. 13-cv-3253, 2017 WL 66326, at *9, 2017 U.S. Dist. LEXIS 2515, at *25 (S.D.N.Y. Jan. 6, 2017) (citing *Young v. Calhoun*, 85-cv-7584, 1995 WL 169020 at *6, 1995 U.S. Dist. LEXIS 4555, at *18–19 (S.D.N.Y. April 10, 1995)). Here, two of the three cases are still pending and there is no evidence that allegations contained in the third were fraudulent.[10]

On the other hand, fraud can be "inferred when the probability of coincidence seems so negligible as to leave fraud as the only plausible explanation." McCormick On Evidence § 196 (7th ed.). Fraud is more readily inferred when there is a high degree of similarity among claims. *Id*. For example, in *Tomaino*, the Second Circuit held that a district court did not abuse its discretion in allowing the plaintiff to be cross-examined about five prior lawsuits "against police officers for false arrest, malicious prosecution and abuse of process since 2001, all of which involved an allegation that the defendant officers acted with personal animus toward [the plaintiff]." 315 F. App'x at 360–61.

While the allegations in the three other lawsuits are strikingly similar and have probative value the Court finds that the probative value of introducing the evidence of these lawsuits is substantially outweighed by the danger of unfair prejudice, including potential jury bias against Plaintiff as a chronic litigant. *See, e.g.*, *Fischer,* 2018 WL 3122053, at *6, 2018 U.S. Dist. LEXIS 106682, at *22 (excluding evidence about Plaintiff's prior lawsuits in a previous lawsuit of Plaintiffs because a "very acute risk of unfair prejudice substantially outweighed any

---

[10] *Shepherd I* and *Shepherd III* are still pending. *Shepherd II* was dismissed with prejudice as a sanction for Shepherd's misleading the court as to his litigation history by omitting his prior "strike" cases. *See Shepherd II*, ECF No. 40 (W.D.N.Y. July 6, 2017) (Order on Motion to Dismiss), *aff'd* 921 F.3d 89 (2d Cir. 2019). The merits of his sexual assault allegations were not therefore reached.

probative value") (internal quotation marks omitted);[11] *Ragin v. Newburgh Enlarged City Sch. Dist.*, No. 10-cv-2797, 2011 WL 2183175, at *2, 2011 U.S. Dist. LEXIS 59728, at *4–5 (S.D.N.Y. June 3, 2011) ("Even if the Court were to accept that these are valid arguments for the admission of evidence of [the plaintiff's] prior litigation, Rule 403 requires exclusion of prior litigation because there is too high a risk of juror prejudice and confusion."); *see also Altman*, 2017 WL 66326, at *10, 2017 U.S. Dist. LEXIS 2515, at *27 (holding that "any potential probative value the suit might add to the contention that the allegations of discrimination are part of Plaintiff's modus operandi in these situations is substantially outweighed by the danger of unfair prejudice"). Thus, evidence of Plaintiff's prior lawsuits is inadmissible.

Nonetheless, the danger of unfair prejudice will be minimized and will not substantially outweigh the probative value of the prior allegations of sexual assault if Defendants' inquiry is limited to the allegations and does not extend to the lawsuits. Defendants may therefore question Plaintiff about the allegations he made in the three actions, without referencing the lawsuits, i.e. ask Plaintiff whether he made allegations of sexual assault against prison officials at other institutions, without referencing the legal actions. *See Fischer*, 2018 WL 3122053, at *6, 2018 U.S. Dist. LEXIS 106682, at *22–24 (permitting cross-examination about the fact that he had alleged that other officers had sexually abused him during pat-frisks).

Additionally, Defendants argue the lawsuits are relevant to the question of damages because the jury must be aware of them to "assign those damages to this specific series of actions, rather than the substantively identical actions of the other lawsuits (which could account for some or all of the Plaintiff's damages.)" (Dkt. No. 146, at 9). Defendants, however, have not

---

[11] The Court notes that Plaintiff prevailed in this case and a jury found that he had been sexually assaulted during the course of two pat frisks.

cited to any evidence, beyond substantive allegations in the three other complaints that they seek to introduce on the question of damages. *Cf. Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 543 (E.D.N.Y. 2011) ("To the extent that plaintiff testifies at trial that he suffered emotional damages as a result of the June 11, 2002 strip search, defendants may introduce limited deposition testimony given by plaintiff in [a previous lawsuit] as a prior inconsistent statement as to causation under Federal Rule of Evidence 801(d)(1)(A)."). While "evidence relevant to show a possible cause of [a plaintiff's] injury unrelated to the acts of the defendant," may be admissible, *Brewer v. Jones*, 222 Fed. Appx 69, 70 (2d Cir. 2007), here Defendants have not identified any specific evidence that would be relevant to the jury's evaluation of Plaintiff's claimed damages. The Court notes that any such evidence may carry an undue risk of juror prejudice and confusion that outweighs any probative value on the issue of damages. Defendants, however, may renew their motion at trial if Defendants identify specific evidence relevant to the damages inquiry and Plaintiff's testimony regarding his injuries implicates such evidence. *See Harvey*, 2013 WL 773683, at *4, 2013 U.S. Dist. LEXIS 27373, at *10 (noting concern that prior lawsuits that Defendants argued were relevant to damages "would be overly prejudicial" but that "[d]epending on the testimony Plaintiff provides at trial . . . the Court may entertain additional arguments on this matter if . . . Plaintiff is claiming injuries that are not attributable to Defendants' conduct, but instead relate to allegations in one [of the other cases]").

    **C.    Disciplinary Records**

Defendants seek to cross-examine Plaintiff regarding his conduct that resulted in two prison disciplinary convictions for smuggling and three disciplinary convictions for false information, pursuant to Rule 608(b). (Dkt. No. 146, at 10–11). Specifically, Defendants seek to question Plaintiff about the following disciplinary convictions: (1) in 2003, Plaintiff "was found guilty of smuggling a cigarette lighter and jewelry . . . in his hair," (2) in 2008, Plaintiff "was

11

found guilty of smuggling a small clear bag and a balloon in his hair . . . that contained a substance that tested positive for methamphetamine," (3) in 1998, Plaintiff "was found guilty of providing false statements to inmates at the facility where he was housed about a Correction Officer at the facility in an attempt to incite the other inmates against staff," (4) in 2003, Plaintiff "was found guilty of providing false statements in connection with the [2003] smuggling incident," and (5) in 2008, Plaintiff "was found guilty of providing false statements . . . when he falsely told a Correction Officer that he was working when in fact he was not working." (Dkt. No. 167).[12] Plaintiff seeks to exclude any evidence of disciplinary issues as prohibited "other acts" evidence under Rule 404(b)(1) or overly prejudicial under Rule 403. (Dkt. No. 141-1, at 6).

Contrary to Plaintiff's assertion that "the only arguable purpose of bringing this type of evidence in would be to show that the plaintiff engages in conduct requiring disciplinary action/restraint/force, and therefore must have engaged in this conduct on the various dates related to the current claims," (Dkt. No. 141-1, at 6), Defendants seek to cross-examine Plaintiff about the above incidents because they are probative of his truthfulness or untruthfulness as a testifying witness. Rule 608(b) "states that the court may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, 'if they are probative of the character for truthfulness or untruthfulness of . . . the witness.'" *Tapp v. Tougas*, No. 905-cv-1479, 2018 WL 1918605, at *3, 2018 U.S. Dist. LEXIS 66743, at *9 (N.D.N.Y. Apr. 20, 2018) (quoting Fed. R. Evid. 608(b)).

A disciplinary conviction for false information relates to a witness's credibility because it is a "specific instance[] of conduct that [is] probative of the character for truthfulness of the [witness]." *Tapp*, 2018 WL 1918605, at *4, 2018 U.S. Dist. LEXIS 66743, at *10 (allowing

---

[12] Defendants have submitted the misbehavior reports and hearing outcomes for each incident. (Dkt. No. 167-1).

inquiry into the plaintiff's prison infraction for false information). Additionally, the Second Circuit has recognized that convictions for smuggling "rank[] relatively high on the scale of veracity-related crimes." *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977). However, the probative value of a specific instance of misconduct is lessened when it occurred a long time before trial. *See United States v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989) (holding that the age of a prior instance of misconduct, eighteen years, was relevant in determining its admissibility).

Defendants may inquire into the 2008 disciplinary conviction for false information since it relates to Plaintiff's credibility.[13] *See Tapp*, 2018 WL 1918605, at *4, 2018 U.S. Dist. LEXIS 66743, at *10. Although it is eleven years old, it is highly probative of Plaintiff's credibility—one of the central issues in this case. Thus, the Court finds that the probative value of this conviction is not substantially outweighed by the danger of unfair prejudice to Plaintiff and that its admission is not barred by Rule 403. However, the December 1998 and October 2003 prison disciplinary convictions for false information are duplicative and arose more than sixteen years before trial, and thus the Court finds them inadmissible under Rule 403.

Further, the Court finds that the minimal probative value of the smuggling disciplinary convictions is substantially outweighed by the danger of unfair prejudice to Plaintiff. The 2003 conviction occurred sixteen years before trial, so its probative value is diminished. *See Schwab*, 886 F.2d at 513. The 2008 conviction occurred eleven years ago and concerns an incident where Plaintiff's hair was searched and contraband was uncovered. (Dkt. No. 167-1, at 24). In this case, Plaintiff alleges that Defendants Algarin, Blyth, and Hoffman violated his religious beliefs by

---

[13] Defendants are limited to inquiring into the disciplinary conviction, "the actual disciplinary histories are not admissible to attack character for truthfulness because they are extrinsic evidence prohibited by Rule 608(b)" *Id.* (citing *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) ("Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility. Fed. R. Evid. 608(b). This rule does not prohibit inquiry into Plaintiff's conduct for impeachment but does prohibit the introduction into evidence of his disciplinary records.")).

searching his hair and ripping his dreadlocks. Given the similarity of the allegations, both of which involve a search of Plaintiff's hair, there is a danger that introducing evidence of the 2008 smuggling conviction will confuse the issues and unfairly prejudice Plaintiff. Accordingly, Defendants may not cross-examine Plaintiff regarding his smuggling disciplinary convictions.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that, as described above, Plaintiff's motion in limine (Dkt. No. 141) is **granted in part and denied in part**; and it is further

**ORDERED** that, as described above, the Defendants' motion in limine (Dkt. No. 146) is **granted in part and denied in part**.

**IT IS SO ORDERED.**

Dated: October 16, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge